IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE KIM RAQUINIO,<br><br>               Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of<br>Social Security,<br><br>               Defendant. | CIV. NO. 19-00450 JMS-WRP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS, ECF NO. 13 |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 13

## I.  INTRODUCTION

Pro se Plaintiff Noe Kim Raquinio ("Plaintiff") filed the instant action against Defendant Social Security Commissioner Andrew Saul ("Defendant") seeking judicial review of the Social Security Administration's ("SSA") denial of Plaintiff's claim for disability benefits.  ECF No. 1.  Before the court is Defendant's Motion to Dismiss for lack of subject-matter jurisdiction.  ECF No. 13.  For the reasons set forth below, the Motion to Dismiss is GRANTED.

## II.  BACKGROUND

### A.  *Factual Background*

The material facts are undisputed.  On March 8, 2018, Plaintiff applied for Supplemental Security Income ("SSI") benefits pursuant to Title XVI

of the Social Security Act based on disability.  *See* ECF No. 1-1 at PageID #9;

ECF No. 13-2 at PageID #128.  The SSA denied Plaintiff's claim on April 5, 2018.

*See* ECF No. 1 at PageID #3; ECF No. 1-1 at PageID #5; ECF No. 13-3 at PageID

#134.  On June 15, 2018, Plaintiff submitted his request for reconsideration of his

application.  *See* ECF No. 1-1 at PageID #6; ECF No. 13-4 at PageID #138.

On June 22, 2018, the SSA notified Plaintiff that because his request

for reconsideration was submitted more than "60 days [after the April 5, 2018

denial of his claim] . . . and an additional 5 days for mailing," it was untimely.

ECF No. 1-1 at PageID #5; ECF No. 13-5 at PageID #139.  The SSA further

informed Plaintiff that because his "online Request for Reconsideration" was late,

it would not be processed unless Plaintiff submitted a statement no later than July

17, 2018 showing good cause" for his late filing.  ECF No. 1-1 at PageID #5; ECF

No. 13-5 at PageID #139.  Plaintiff does not allege that he attempted to provide a

good cause statement by July 17, 2018, and the SSA has no record of such

statement from Plaintiff.  *See* Horsburgh Decl. ¶ 5, ECF No. 13-1 at PageID #127.

On August 21, 2019, Plaintiff filed the instant Complaint against SSA

Commissioner Andrew Saul challenging the denial of his application for SSA

disability benefits.  ECF No. 1.

///

///

2

**B.     Procedural Background**

On February 14, 2020, Defendant filed a Motion to Dismiss this action for lack of subject-matter jurisdiction.  ECF No. 13.  Plaintiff filed Opposition memoranda on February 20 and 28, and April 27, 2020.  ECF Nos. 15, 17, 23.  Defendant filed a Reply on April 30, 2020.  ECF No. 24.  And Plaintiff filed a Sur-Reply on May 11, 2020.  ECF No. 25.  Pursuant to Local Rule 7.1(c), the court finds this matter suitable for disposition without a hearing.

## III.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(1)**

A federal court's subject-matter jurisdiction may be challenged by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  "[The] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, "the challenger asserts that the [complaint's] allegations . . . are insufficient on their face to invoke federal jurisdiction." *Id.*  Thus, when determining a facial attack, the complaint's jurisdictional allegations are deemed true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am.*

*Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). And the court limits its analysis to the allegations of, and the documents attached to, the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036. 1039 n.2 (9th Cir. 2003).

By contrast, in a factual attack under Rule 12(b)(1), "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In a factual attack, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself" the existence of subject matter jurisdiction. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The moving party may assert a factual attack to subject-matter jurisdiction by submitting "evidence beyond the complaint." *Meyer*, 373 F.3d at 1039. The nonmoving party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880F.2d 199, 201 (9th Cir. 1989)). Thus, in a factual attack on subject-matter jurisdiction, the court may accept and evaluate evidence to determine whether jurisdiction exists, without converting the motion to dismiss into a motion for summary judgment. *Meyer*, 373 F.3d at 1039; *Thornhill*, 594 F.2d at 733.

**B.     Pro Se Litigants**

The court must construe the pleadings of a pro se plaintiff liberally and afford such plaintiff the benefit of any reasonable doubt.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must also grant leave to amend if it appears that a plaintiff can correct a complaint's defects.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  But dismissal without leave to amend is appropriate if a claim or complaint cannot be saved by amendment, that is, if amendment would be futile.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV.  <u>DISCUSSION</u>

Defendant has brought a factual challenge to the court's subject-matter jurisdiction by submitting Horsburgh's declaration and SSA records pertaining to Plaintiff's application for SSI benefits.  *See Meyer*, 373 F.3d at 1039.  Defendant contends that dismissal is warranted because Plaintiff failed to exhaust administrative remedies, Defendant does not waive the exhaustion requirement,

and there is no basis for the court to waive the exhaustion requirement.  The court

agrees.

## A.    Legal Standards

### 1.    *Subject-Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction," possessing "only

that power authorized by Constitution and statute."  *United States v. Marks*, 530

F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511

U.S. 375, 377 (1994)).  "If jurisdiction is lacking at the outset, the district court has

no power to do anything with the case except dismiss [it]."  *Morongo Band of*

*Mission Indians v. Cal. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)

(quotation omitted).

The Social Security Act (the "Act"), 42 U.S.C. § 401, et seq.,

authorizes "judicial review of 'any final decision [of the Commissioner of Social

Security] made after a hearing.'"  *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019)

(quoting 42 U.S.C. § 405(g)).  The Act does not define "final decision," but it

authorizes the Commissioner to do so by regulation.  *See* 42 U.S.C. § 405(a)

(outlining Commissioner's powers); *Weinberger v. Salfi*, 422 U.S. 749, 751 (1975)

(recognizing the Commissioner's power to define "final decision" by regulation).

The Supreme Court has interpreted § 405(g)'s requirement that there

be a final decision by the Commissioner in order to obtain judicial review as

having two elements: "first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by [SSA regulations] be exhausted.'" *Smith*, 139 S. Ct. at 1773 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). That is, exhaustion may be waived by the SSA or the court. *Id.* at 1774 ("While § 405(g) delegates to the SSA to authority to dictate which steps are generally required [in the administrative review process], exhaustion of those steps may not only be waived by the agency, but also excused by the courts.") (internal citations omitted). Waiver of exhaustion by the SSA or the court, however, is merely an alternative means to obtaining a "final decision;" that is, the statutory authorization of judicial review only of a "final decision" remains. *See id.* at 1777 ("[T]he Court's precedents do not make exhaustion a pure necessity, indicating instead that while the SSA is empowered to define the steps claimants must generally take, the SSA is not also the unreviewable arbiter of whether a claimant has sufficiently complied with those steps."); *see also Vorpagel v. Saul*, 2020 WL 1694348, at *3 n.6 (N.D. Ill. Apr. 6, 2020) ("That administrative exhaustion is, in some cases, waivable or non-jurisdictional does not mean that a failure to exhaust is not, in other cases, a jurisdictional problem. When courts excuse administrative exhaustion, they are not excusing the statutory requirements of § 405(g); rather they are determining that agency-defined exhaustion is not necessary for statutory 'finality.'") (citing

7

*Smith*, 139 S. Ct. at 1777).  In short, "[w]ithout a final agency decision," whether final from actual exhaustion or waiver of exhaustion, "a district court has no subject-matter jurisdiction."  *Kinsley v. Comm'r Soc. Sec.* 2019 WL 4858794, at *1 (W.D. Wash. Oct. 2, 2019).

### 2.    *Exhaustion of Administrative Remedies*

Under the applicable regulations, an administrative hearing and final decision by the Commissioner are the final steps of a multi-step administrative review process, set forth in 20 C.F.R. §§ 416.1400(a)(1)-(6), governing SSI benefit decisions.  Each step in this administrative review process "usually must be requested within certain time periods and in [a particular] order."  20 C.F.R. § 416.1400(a).  If a claimant misses a deadline or fails to "take the next step within the stated time period," he "lose[s] [the] right to further administrative . . . and . . . judicial review, unless [he] can show . . . that there was good cause for [his] failure to make a timely request for review."  20 C.F.R. § 416.1400(b).

Under this administrative review process, a claimant must first present a claim for benefits to the SSA and obtain an initial determination.  *See* 20 C.F.R. § 416.1400(a)(1).  If not satisfied with the initial determination regarding benefits, the claimant must seek reconsideration "within 60 days" of receiving the initial determination.  20 C.F.R. §§ 416.1400(a)(2), 416.1407, 416.1409(a).  And if dissatisfied after reconsideration, the claimant must request a hearing before an

administrative law judge ("ALJ").  20 C.F.R. §§ 416.1400(a)(3), 404.933.  Finally, the claimant must seek review of the ALJ's decision by the appeals council.  20 C.F.R. § 416.1400(a)(4).  Upon obtaining a decision by the appeals council, a claimant is then deemed to have obtained a final decision.  *See Smith*, 139 S. Ct. at 1772; *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (explaining that the appeals council's decision constitutes the Commissioner's final decision that may be subject to judicial review).

**B.     Application of Legal Standards**

> **1.     *Plaintiff Failed to Exhaust Administrative Remedies***

Here, Plaintiff began the administrative review process by submitting a request for reconsideration of the April 5, 2018 denial of his application for SSI benefits, but never made it any further.  Plaintiff had 60 days from that denial to file a request for reconsideration.  *See* 20 C.F.R. § 416.1409(a).  The SSA allows "an additional 5 days for mailing," thus the deadline for Plaintiff to request reconsideration was June 11, 2018.  *See* ECF No. 1-1 at PageID #5.  Because Plaintiff did not submit his request for reconsideration until June 15, 2018, his request was untimely.  The SSA provided Plaintiff an opportunity to remedy this defect by submitting a written statement, by July 17, 2018, showing good cause for missing the deadline.  *Id.*; *see also* 20 C.F.R. § 416.1409(b) (setting forth process to obtain extension by showing good cause).  But Plaintiff did not do so.  *See*

Horsburgh Decl. ¶ 5, ECF No. 13-1 at PageID #127 (stating that according to SSA records "[Plaintiff] did not respond to the [SSA's] request to provide good cause for his untimely request for reconsideration"). Thus, the administrative review process stalled between the first and second steps.

Plaintiff appears to contend that he has exhausted his administrative remedies, or that the exhaustion requirement should be waived. He provided evidence that on February 14, 2020, he attempted to submit an online request for a hearing before an administrative law judge, but received a message informing him that he does not meet the qualifications to submit his appeal online and must contact the SSA by phone or in person. *See* ECF No. 17-12 at PageID #192-93. Plaintiff tried calling SSA at the number provided but has not been able to get past the automated system to talk to a person. *See* ECF No. 15 at PageID #143. But Plaintiff's efforts in 2020 do not show that he complied in a timely fashion with the review process set forth above. That is, Plaintiff has failed to provide proof that he attempted to submit a written statement by July 17, 2018 showing good cause for submitting his initial request for reconsideration after the June 11, 2018 deadline. And because Plaintiff failed to take that step in the review process, he let his appeal of the April 5, 2018 denial of SSI benefits lapse without a final agency decision. Because his appeal lapsed, Plaintiff could not (and cannot now) request a hearing before an ALJ and review by the appeals council.

Thus, the court finds that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit, as required by 42 U.S.C. § 405(g).  The court must now determine whether the exhaustion requirement may be waived here.

### 2.   *Defendant Does Not Waive Exhaustion*

The exhaustion requirement may be waived by the SSA Commissioner.  *See, e.g.*, *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 624 (7th Cir. 2017); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Mathews*, 424 U.S. at 330); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (citing *Weinberger*, 422 U.S. at 766-67).

But Defendant "does not waive" Plaintiff's failure to exhaust administrative remedies.  ECF No. 13 at PageID #118.  Thus, the court must determine if waiver by the court is appropriate.

### 3.   *The Court May Not Waive Exhaustion Here*

In the Ninth Circuit, a court may waive the exhaustion requirement if a plaintiff's claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)."  *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir.

2003) (quotation omitted).  A claim may be considered collateral if it is "not essentially a claim for benefits."  *Id.*

Here, because Plaintiff's claim is, in fact, a claim for benefits, it is not collateral.  That is, Plaintiff fails to meet the first requirement for waiver by the court.  And because all three requirements must be met, the court may not waive the exhaustion requirement.

In sum, Plaintiff has failed to exhaust the SSA's administrative review process.  Defendant does not waive exhaustion and Plaintiff does not meet the requirements for court waiver of exhaustion.  Thus, Plaintiff has not obtained a "final decision" from the SSA.  Because there is no final decision, this court lacks subject-matter jurisdiction to review the SSA's April 5, 2018 denial of Plaintiff's claim for SSI disability benefits.  *See* 42 U.S.C. § 405(g); *Smith*, 139 S. Ct. at 1772-73; *Vorpagel*, 2020 WL 1694348, at *3 n.6; *Kinsley*, 2019 WL 4858794, at *1.

And because applicable deadlines to exhaust administrative remedies in connection with the April 5, 2018 denial have passed, amendment of Plaintiff's Complaint would be futile.  *See, e.g.*, *Dexter*, 731 F.3d at 978 (recognizing that when a claimant misses a deadline in the SSA administrative review process, such claimant "loses the right to further administrative or judicial review"); 20 C.F.R.

§ 416.1400(b); *Sylvia Landfield Tr.*, 729 F.3d at 1196 (determining that dismissal with prejudice is appropriate when a claim or complaint cannot be saved by amendment).

## V.  CONCLUSION

Based on the foregoing, the court GRANTS Defendant's Motion to Dismiss this action with prejudice.[1]  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Raquinio v. Saul*, Civ. No. 19-00450 JMS-WRP, Order Granting Defendant's Motion to Dismiss, ECF No. 13

---

[1] Although Plaintiff's current claim for retroactive SSI benefits is futile, he is not precluded from submitting a new application for SSI benefits based on a current disability.  And if such claim is denied, and he fails to obtain relief after fully exhausting a new administrative review process, he would not be precluded from seeking judicial review of that claim.